# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

TIMOTHY JANDA, *et al.*,

        Plaintiffs,

v.

CITY OF HENDERSON, *et al.*,

        Defendants.

2:05-cv-00841-LDG-LRL

**ORDER**

    Before the court is plaintiffs' Motion to Disqualify Counsel (#20), defendants' Opposition (#21), and plaintiffs' Reply (#23). Plaintiffs request that the court disqualify counsel for the City of Henderson ("the City") on two grounds. First, plaintiffs contend that counsel for the City has a conflict of interest because he has taken seemingly irreconcilable positions in various pleadings. Plaintiffs also claim a conflict exists because counsel for the City allegedly discussed the officers' conduct with their attorney at their arbitration hearing. Second, plaintiffs seek to disqualify counsel for the City because plaintiffs will likely call defense counsel as a witness to testify as to how the City can both defend and criticize the same conduct, dependant only on the particular litigation in which it is involved. Defendants oppose the Motion.

## BACKGROUND

    This case arises from events surrounding the arrest of Jody Higgins by plaintiffs Timothy Janda and Robert Blaskie in their capacity as officers of the Henderson Police Department. After an internal affairs investigation, pre-disciplinary hearing, and a pre-termination hearing, the City terminated the plaintiffs. They were reinstated by a neutral arbitrator on August 18, 2004. In the interim, Jody Higgins filed a civil rights action in federal court against the City and Officers Janda and Blaskie. (*See* 2:03-cv-01529 Docket No. 1, filed December 5, 2003.)

On behalf of the City, attorneys Walter R. Cannon, Peter M. Angulo, and Thomas D. Dillard of the firm Olson, Cannon, Gormley & Desruisseaux filed an answer to Higgins' Complaint. The defendant officers (plaintiffs Janda and Blaskie herein) were represented by attorney Thomas D. Beatty. In its Answer to Higgins' Complaint the City asserted affirmative defenses that supported the conduct of the officers in their handling of Ms. Higgins' arrest. (*See* City's Second, Third, Fourth, Sixth, and Seventh Affirmative Defenses, 2:03-cv-01529 Docket No. 5 at 5.)[1] In the present litigation the City's Answer contends its employment actions against the officers were justified and fair. (*See* City's Fourth, Seventh, Eighth, Fifteenth, and Twenty-Sixth Affirmative Defenses, Answer (#2) at 6–8.)

## DISCUSSION

### I. Conflict of Interest

Plaintiffs allege that a conflict of interest exists as to Mr. Angulo because, while he was present for the City at the officers' arbitration hearing, he participated in a discussion with the officers and Mr. Beatty. Plaintiffs allege that during the discussion Mr. Angulo opined that the City should not have terminated them. Mr. Angulo denies he made such a statement. Plaintiffs also allege a conflict of interest based on their contention that the City, through the same counsel and under the same set of facts, switched its position now that it is being sued by the officers.

The above circumstances as described by plaintiffs simply do not constitute or give rise to a conflict of interest. Nor do they implicate ethical rules regarding the frivolity of pleadings. There is no evidence, and plaintiffs do not claim, that Angulo or his firm previously represented any of the plaintiffs such as to give rise to a conflict of interest.

### II. Disqualification on the Ground That Peter M. Angulo and Walter R. Cannon May Be Called as Witnesses

A motion for disqualification on the ground the attorney will be called as a witness must be supported by a showing that an attorney will give evidence material to the determination of the issues being litigated and that the evidence is unobtainable elsewhere. Plaintiffs claim only that they move

---

[1] The City subsequently settled with Higgins for approximately $225,000.00. (Mot. (#20) at 11.)

"to disqualify Rawlings, Olson, Cannon, Gormley & Desruisseaux as a result of its likely status as witnesses in the instant case."

Plaintiffs have made no showing that Mr. Angulo or anyone in his firm is a necessary witness in this case. The court will not disqualify an attorney simply on the strength of opposing counsel's representation that he plans to call the attorney as a witness.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiffs' Motion to Disqualify Counsel for Defendants (#20) is DENIED.

DATED this 14th day of February, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**